UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 17-73-DLB

BRYCE JACOBS BRADLEY                                            PLAINTIFF

vs.                  **MEMORANDUM OPINION AND ORDER**

SANDRA ZAVODNY                                               DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Bryce Jacobs Bradley, proceeding without an attorney, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. # 1). In his Complaint, Bradley indicated that he was suing Defendants Jason Hankins, Christopher Hankins, and Sandra Zavodny, all employees of the Grant County Jail, only in their official capacities. (Doc. # 1 at 2).

The Court conducted a preliminary review of Bradley's Complaint and determined that he improperly alleged multiple distinct claims against the different defendants in one case. (Doc. # 3). While the Court resolved one of those claims, it severed the remaining claims from Bradley's Complaint and directed the Clerk of the Court to open new civil actions in which those unrelated claims could be resolved. (Doc. # 3).

This case is one of those new civil actions, and it involves only Bradley's claim against "Classification Officer Sandra Zavodny" in her official capacity. (Doc. # 1 at 2, 5-6; Doc. # 3 at 1). Bradley claims that Zavodny prevented him from getting a prison job. (Doc. # 1 at 5-6). Since Bradley is suing Zavodny only in her official capacity, his claim is essentially against the Grant County Jail itself. *Lambert v. Hartman*, 517 F.3d

1

433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). However, the Grant County Jail is not liable merely because it employs Zavodny; instead, Zavodny's actions must have been directly attributable to a policy or custom of her employer. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). Here, Bradley does not claim that any policy or custom of the Grant County Jail prompted Zavodny's alleged actions in this case. Therefore, Bradley's claim against Zavodny in her official capacity fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss that claim. That said, to the extent that Bradley would like to pursue a claim against Zavodny in her individual capacity, Bradley may do so by filing a new complaint with this Court. Accordingly,

**IT IS ORDERED** as follows:

(1) Bradley's claim that Sandra Zavodny prevented him from getting a prison job, which he brings against her in her official capacity, is **DISMISSED**;

(2) The Clerk of the Court shall send Bradley a form Civil Rights Complaint [EDKY Form 520], an Affidavit of Assets/In Forma Pauperis Application [Form AO-240], and a Certificate of Inmate Account [EDKY Form 523];

(3) If Bradley would like to pursue a claim against Zavodny in her individual capacity, he may do so. However, he must complete and file his complaint using the court-supplied complaint form. He must also either pay the $400.00 in required filing and administrative fees or (1) have the Certificate of Inmate Account [EDKY Form 523] certified by prison staff, (2) complete the Affidavit of Assets/In Forma Pauperis Application [Form AO-240], and (3) file both of them with the Court;

(4) This matter is **STRICKEN** from the active docket; and

2

(5) A Judgment shall be entered contemporaneously with this Order.

This 2nd day of May, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\17-73 Order dismissing claim.wpd